JOHN M. SKONBERG, Bar No. 069409
LAURA E. HAYWARD, Bar No. 204014
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone: 415-433-1940
Facsimile: 415-399-8447

Attorneys for Defendant
APPLERA CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GRACE D. HOM,

        Plaintiff,

v.

APPLERA CORPORATION,

        Defendant.

Case No. C-07-3146 JL

**DEFENDANT APPLERA CORPORATION'S ANSWER TO COMPLAINT**

Defendant Applera Corporation ("Defendant") hereby responds to Plaintiff's Complaint as follows:

**JURISDICTION AND INTRA-DISTRICT ASSIGNMENT**

1. Answering Paragraph 1 of Plaintiff's Complaint, Defendant admits that jurisdiction is invoked on the basis of 28 U.S.C. §1331 and 28 U.S.C. §1343, as an action arising under the laws of the United States and under the provisions of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 *et seq.* Defendant admits that this Court has jurisdiction over Plaintiff's supplemental state law claims under 28 U.S.C. §1367(a). Except as so expressly admitted, Defendant denies each and every allegation contained within Paragraph 1 of the Complaint.

2. Answering Paragraph 2 of Plaintiff's Complaint, admits the allegations

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO COMPLAINT      Case No. C-07-3146 JL

1  contained within Paragraph 2 of the Complaint.

## PARTIES

3. Answering Paragraph 3 of Plaintiff's Complaint, Defendant admits that Plaintiff was formerly employed by Defendant at Defendant's facilities in San Mateo County, California. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation relating to where Plaintiff resides, and on that basis, denies that allegation. Except as expressly admitted herein, Defendant denies each and every allegation contained within Paragraph 3 of the Complaint.

4. Answering Paragraph 4 of Plaintiff's Complaint, Defendant admits the allegations contained within Paragraph 4 of the Complaint.

## ADMINISTRATIVE EXHAUSTION

5. Answering Paragraph 5 of Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies each and every allegation contained within Paragraph 5 of the Complaint.

6. Answering Paragraph 6 of Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies each and every allegation contained within Paragraph 6 of the Complaint.

7. Answering Paragraph 7 of Plaintiff's Complaint, Defendant denies each and every allegation contained within Paragraph 7 of the Complaint.

## GENERAL ALLEGATIONS

8. Answering Paragraph 8 of Plaintiff's Complaint, Defendant admits the allegations contained within Paragraph 8 of the Complaint.

9. Answering Paragraph 9 of Plaintiff's Complaint, Defendant admits that Plaintiff was hired as a Staff Assistant in the Facilities Department. Except as so expressly admitted, Defendant denies each and every allegation contained within Paragraph 9 of the Complaint.

10. Answering Paragraph 10 of Plaintiff's Complaint, Defendant admits that Plaintiff was promoted to Senior Staff Assistant in the Facilities Department on or about April 2, 1990. Except as so expressly admitted, Defendant denies each and every allegation contained within

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO COMPLAINT   2.   Case No. C-07-3146 JL

Paragraph 10 of the Complaint.

11. Answering Paragraph 11 of Plaintiff's Complaint, Defendant admits that The Perkin-Elmer Corporation acquired Applied Biosystems, Inc. in or about February 1993. Except as so expressly admitted, Defendant denies each and every allegation contained within Paragraph 11 of the Complaint.

12. Answering Paragraph 12 of Plaintiff's Complaint, Defendant admits that following the acquisition of Applied Biosystems, Inc. Plaintiff's employment continued uninterrupted but the new name of her employer was The Perkin-Elmer Corporation. Except as so expressly admitted, Defendant denies each and every allegation contained within Paragraph 12 of the Complaint.

13. Answering Paragraph 13 of Plaintiff's Complaint, Defendant admits that following the acquisition of Applied Biosystems, Inc., Plaintiff continued to work in the same position and capacity. Except as so expressly admitted, Defendant denies each and every allegation contained within Paragraph 13 of the Complaint.

14. Answering Paragraph 14 of Plaintiff's Complaint, Defendant admits that Plaintiff was promoted to Administrative Assistant on or about November 4, 1995. Except as so expressly admitted, Defendant denies each and every allegation contained within Paragraph 14 of the Complaint.

15. Answering Paragraph 15 of Plaintiff's Complaint, Defendant admits the allegations contained within Paragraph 15 of the Complaint.

16. Answering Paragraph 16 of Plaintiff's Complaint, Defendant admits the allegations contained within Paragraph 16 of the Complaint.

17. Answering Paragraph 17 of Plaintiff's Complaint, Defendant admits that on or about December 21, 2002 Plaintiff was promoted to a Senior Specialist in the Facilities Department. Except as so expressly admitted, Defendant denies each and every allegation contained within Paragraph 17 of the Complaint.

18. Answering Paragraph 18 of Plaintiff's Complaint, Defendant admits that Plaintiff performed her job in a satisfactory manner during many portions of her employment.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO COMPLAINT    3.    Case No. C-07-3146 JL

Except as so expressly admitted, Defendant denies each and every allegation contained within Paragraph 18 of the Complaint.

19. Answering Paragraph 19 of Plaintiff's Complaint, Defendant admits that Plaintiff performed her job in a satisfactory manner during many portions of her employment. Except as so expressly admitted, Defendant denies each and every allegation contained within Paragraph 19 of the Complaint.

20. Answering Paragraph 20 of Plaintiff's Complaint, Defendant admits that Plaintiff performed her job in a satisfactory manner during many portions of her employment. Except as so expressly admitted, Defendant denies each and every allegation contained within Paragraph 20 of the Complaint.

21. Answering Paragraph 21 of Plaintiff's Complaint, Defendant denies each and every allegation contained within Paragraph 21 of the Complaint.

22. Answering Paragraph 22 of Plaintiff's Complaint, Defendant admits that Plaintiff performed her job in a satisfactory manner during many portions of her employment. Except as so expressly admitted, Defendant denies each and every allegation contained within Paragraph 22 of the Complaint.

23. Answering Paragraph 23 of Plaintiff's Complaint, Defendant admits that Plaintiff suffered an injury to her back while picking up an item at work. Except as so expressly admitted, Defendant denies each and every allegation contained within Paragraph 23 of the Complaint.

24. Answering Paragraph 24 of Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations with respect to whether and what type of medical care Plaintiff sought, and on that basis, denies such allegation. Defendant denies each and every remaining allegation contained within Paragraph 24 of the Complaint.

25. Answering Paragraph 25 of Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies each and every allegation contained within Paragraph 25 of the Complaint.

26. Answering Paragraph 26 of Plaintiff's Complaint, Defendant lacks knowledge

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO COMPLAINT    4.    Case No. C-07-3146 JL

or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies each and every allegation contained within Paragraph 26 of the Complaint.

27. Answering Paragraph 27 of Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies each and every allegation contained within Paragraph 27 of the Complaint.

28. Answering Paragraph 28 of Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to Plaintiff's pain and mobility, and on that basis, denies such allegations. Defendant denies each and every remaining allegation contained within Paragraph 28 of the Complaint.

29. Answering Paragraph 29 of Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies each and every allegation contained within Paragraph 29 of the Complaint.

30. Answering Paragraph 30 of Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies each and every allegation contained within Paragraph 30 of the Complaint.

31. Answering Paragraph 31 of Plaintiff's Complaint, Defendant admits that from November 30, 2006 until December 14, 2006, Plaintiff was placed on a short term disability leave due to her back injury. Except as so expressly admitted, Defendant denies each and every allegation contained within Paragraph 31 of the Complaint.

32. Answering Paragraph 32 of Plaintiff's Complaint, Defendant admits that Plaintiff was placed on FMLA and CFRA leave. Except as so expressly admitted, Defendant denies each and every allegation contained within Paragraph 32 of the Complaint.

33. Answering Paragraph 33 of Plaintiff's Complaint, Defendant admits that Plaintiff was on FMLA leave from November 30, 2006 until December 14, 2006. Except as so expressly admitted, Defendant denies each and every allegation contained within Paragraph 33 of the Complaint.

34. Answering Paragraph 34 of Plaintiff's Complaint, Defendant admits the allegations contained within Paragraph 34 of the Complaint.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO COMPLAINT    5.    Case No. C-07-3146 JL

35. Answering Paragraph 35 of Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies each and every allegation contained within Paragraph 35 of the Complaint.

36. Answering Paragraph 36 of Plaintiff's Complaint, Defendant admits that on or about December 15, 2006, Plaintiff returned to work on a four hour a day schedule. Except as so expressly admitted, Defendant denies each and every allegation contained within Paragraph 36 of the Complaint.

37. Answering Paragraph 37 of Plaintiff's Complaint, Defendant admits that on or about January 8, 2007 Plaintiff began working on a five hour a day schedule. Except as so expressly admitted, Defendant denies each and every allegation contained within Paragraph 37 of the Complaint.

38. Answering Paragraph 38 of Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies each and every allegation contained within Paragraph 38 of the Complaint.

39. Answering Paragraph 39 of Plaintiff's Complaint, Defendant admits the allegations contained within Paragraph 39 of the Complaint.

40. Answering Paragraph 40 of Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies each and every allegation contained within Paragraph 40 of the Complaint.

41. Answering Paragraph 41 of Plaintiff's Complaint, Defendant admits the allegations contained within Paragraph 41 of the Complaint.

42. Answering Paragraph 42 of Plaintiff's Complaint, Defendant denies each and every allegation contained within Paragraph 42 of the Complaint.

43. Answering Paragraph 43 of Plaintiff's Complaint, Defendant admits that Plaintiff advised Mr. Wong she had an appointment scheduled with another physician to discuss Plaintiff's prognosis and the scope of Plaintiff's need for further treatment. Except as so expressly admitted, Defendant denies each and every allegation contained within Paragraph 43 of the Complaint.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO COMPLAINT    6.    Case No. C-07-3146 JL

44. Answering Paragraph 44 of Plaintiff's Complaint, Defendant admits that on April 16, 2007, Defendant informed Plaintiff of her termination. Except as so expressly admitted, Defendant denies each and every allegation contained within Paragraph 44 of the Complaint.

45. Answering Paragraph 45 of Plaintiff's Complaint, Defendant admits that on April 16, 2007, Defendant informed Plaintiff of her termination. Except as so expressly admitted, Defendant denies each and every allegation contained within Paragraph 45 of the Complaint.

46. Answering Paragraph 46 of Plaintiff's Complaint, Defendant admits that Defendant advised Plaintiff that as of May 18, 2007, Plaintiff would be removed from the payroll and Plaintiff's employment would end. Except as expressly admitted herein, Defendant denies each and every allegation contained within Paragraph 46 of the Complaint.

47. Answering Paragraph 47 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

48. Answering Paragraph 48 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

49. Answering Paragraph 49 of Plaintiff's Complaint, Defendant admits the allegations contained within Paragraph 49 of the Complaint.

50. Answering Paragraph 50 of Plaintiff's Complaint, Defendant admits it did not speak with Plaintiff about assuming a Property Manager position as she was not qualified for such position. Except as expressly admitted herein, Defendant denies each and every allegation contained within Paragraph 50 of the Complaint.

51. Answering Paragraph 51 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

52. Answering Paragraph 52 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

53. Answering Paragraph 53 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

54. Answering Paragraph 54 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO COMPLAINT    7.    Case No. C-07-3146 JL

55. Answering Paragraph 55 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

56. Answering Paragraph 56 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

57. Answering Paragraph 57 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

58. Answering Paragraph 58 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

## FIRST CAUSE OF ACTION

### (Discrimination On The Basis Of Disability In Violation Of

### The Fair Employment And Housing Act)

59. Answering Paragraph 59 of Plaintiff's Complaint, Defendant realleges and incorporates its answers to Paragraphs 1-58 as fully set forth herein.

60. Answering Paragraph 60 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

61. Answering Paragraph 61 of Plaintiff's Complaint, Defendant admits that at all material times it was Plaintiff's employer within the meaning of California Government Code section 12926(d) and as such is subject to the provisions of California Government Code section 12940 *et seq*. Except as expressly admitted herein, Defendant denies each and every allegation contained within Paragraph 61 of the Complaint.

62. Answering Paragraph 62 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

63. Answering Paragraph 63 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

64. Answering Paragraph 64 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

65. Answering Paragraph 65 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

66. Answering Paragraph 66 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

67. Answering Paragraph 67 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

## SECOND CAUSE OF ACTION

### (Failure To Provide Reasonable Accommodation

### On The Basis Of Disability In Violation Of

### The Fair Employment And Housing Act)

68. Answering Paragraph 68 of Plaintiff's Complaint, Defendant realleges and incorporates its answers to Paragraphs 1-67 as fully set forth herein.

69. Answering Paragraph 69 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

70. Answering Paragraph 70 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

71. Answering Paragraph 71 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

72. Answering Paragraph 72 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

73. Answering Paragraph 73 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

74. Answering Paragraph 74 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

## THIRD CAUSE OF ACTION

### (Failure To Engage In The Interactive Process So As To

### Identify And Provide A Reasonable Accommodation For A Disability

### In Violation Of The Fair Employment And Housing Act)

75. Answering Paragraph 75 of Plaintiff's Complaint, Defendant realleges and incorporates its answers to Paragraphs 1-74 as fully set forth herein.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO COMPLAINT   9.   Case No. C-07-3146 JL

76. Answering Paragraph 76 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

77. Answering Paragraph 77 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

78. Answering Paragraph 78 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

79. Answering Paragraph 79 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

80. Answering Paragraph 80 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

81. Answering Paragraph 81 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

**FOURTH CAUSE OF ACTION**

**(Retaliation On The Basis Of Disability**

**In Violation Of The Fair Employment And Housing Act)**

82. Answering Paragraph 82 of Plaintiff's Complaint, Defendant realleges and incorporates its answers to Paragraphs 1-81 as fully set forth herein.

83. Answering Paragraph 83 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

84. Answering Paragraph 84 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

85. Answering Paragraph 85 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

86. Answering Paragraph 86 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

87. Answering Paragraph 87 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

88. Answering Paragraph 88 of Plaintiff's Complaint, Defendant denies each and

every allegation contained therein.

## FIFTH CAUSE OF ACTION

### (Violation Of The Family And Medical Leave Act Of 1993)

89. Answering Paragraph 89 of Plaintiff's Complaint, Defendant realleges and incorporates its answers to Paragraphs 1-88 as fully set forth herein.

90. Answering Paragraph 90 of Plaintiff's Complaint, Defendant admits the allegations contained within Paragraph 90 of the Complaint.

91. Answering Paragraph 91 of Plaintiff's Complaint, Defendant admits the allegations contained within Paragraph 91 of the Complaint.

92. Answering Paragraph 92 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

93. Answering Paragraph 93 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

94. Answering Paragraph 94 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

95. Answering Paragraph 95 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

## SIXTH CAUSE OF ACTION

### (Violation Of The California Family Rights Act Of 1991)

96. Answering Paragraph 96 of Plaintiff's Complaint, Defendant realleges and incorporates its answers to Paragraphs 1-95 as fully set forth herein.

97. Answering Paragraph 97 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

98. Answering Paragraph 98 of Plaintiff's Complaint, Defendant admits the allegations contained within Paragraph 98 of the Complaint.

99. Answering Paragraph 99 of Plaintiff's Complaint, Defendant admits the allegations contained within Paragraph 99 of the Complaint.

100. Answering Paragraph 100 of Plaintiff's Complaint, Defendant denies each and
LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

every allegation contained therein.

101. Answering Paragraph 101 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

102. Answering Paragraph 102 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

103. Answering Paragraph 103 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

104. Answering Paragraph 104 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

## SEVENTH CAUSE OF ACTION

**(Wrongful Termination In Violation Of Public Policy)**

105. Answering Paragraph 105 of Plaintiff's Complaint, Defendant realleges and incorporates its answers to Paragraphs 1-104 as fully set forth herein.

106. Answering Paragraph 106 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

107. Answering Paragraph 107 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

108. Answering Paragraph 108 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

109. Answering Paragraph 109 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

1. AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that all of Plaintiff's causes of action fail to state a claim upon which relief can be granted.

2. AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims are barred, in whole or in part, by her failure to properly exhaust her internal, administrative and/or statutorily required remedies prior to filing suit.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO COMPLAINT        12.        Case No. C-07-3146 JL

3. AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff is barred from recovery, in whole or in part, by virtue of her failure to mitigate her alleged damages.

4. AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's damages are barred, in whole or in part, by the doctrine of after-acquired evidence.

5. AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff is not a qualified person with a disability or a physically handicapped person as those terms are defined by relevant state and federal law, nor is Plaintiff regarded as a qualified person with a disability or physical handicap.

6. AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's job position was eliminated and that Plaintiff lacked the qualifications necessary for the new position which was created.

7. AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Defendant was not obligated to engage in the interactive process with Plaintiff with respect to the new position which was created as she was not qualified for that position.

8. AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Defendant was not obligated to provide Plaintiff with any reasonable accommodation with respect to the new position which was created as she was not qualified for that position.

9. AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff was not eligible for any additional leave under the Family Medical Leave Act or the California Family Rights Act beyond that which she was permitted by Defendant to take.

10. AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff did not properly exercise her right to take any additional leave under the Family Medical Leave Act or the California Family Rights Act beyond that which she was permitted by Defendant to take.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO COMPLAINT    13.    Case No. C-07-3146 JL

11. AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that, assuming any conduct alleged by Plaintiff occurred, there is no causal link between the alleged protected activity and the alleged adverse employment action.

12. AS A TWELTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that any action or conduct by Defendant with regard to Plaintiff was taken in good faith and for lawful, justified, non-discriminatory and legitimate business reasons.

13. AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that all actions taken toward Plaintiff were reasonably necessary for the normal operation of Defendant's business and were based on job-related factors that were consistent with business necessity.

14. AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that assuming, arguendo, any conduct alleged by Plaintiff occurred, such conduct was not carried out in conscious disregard of Plaintiff or her rights, nor was it malicious, fraudulent, oppressive, purposeful, willful, wanton, knowing, or deliberate.

15. AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff has not suffered any damages as a result of Defendant's alleged conduct.

16. AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that any injury caused to Plaintiff was caused by some individual or entity other than Defendant.

17. AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims are preempted, in whole or in part, by the exclusivity provisions in the California Workers' Compensation statutes, including California Labor Code section 3601 *et seq.*, inasmuch as: any compensable injury to Plaintiff occurred at a time when both Plaintiff and Defendant were subject to California's Workers' Compensation provisions; Defendant paid all costs of such Workers' Compensation coverage; at the time of such injury Plaintiff was performing services growing out of and incidental to her employment and was acting within the course and scope of her employment; and the injury was proximately caused by her employment.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO COMPLAINT   14.   Case No. C-07-3146 JL

18. AS AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that if Plaintiff is judged to be entitled to any recovery based on her Complaint, Defendant is entitled to a set-off for each of the following, respectively and separately: damages paid to Plaintiff by order of a Court or by order of the California Workers' Appeal Board, on related claims, if any; monies paid to Plaintiff in settlement of related claims, if any; State Disability payments to Plaintiff for related claims, if any; federal social security benefits paid to Plaintiff for related reasons, if any; State unemployment compensation paid to Plaintiff for related reasons, if any.

19. AS A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff has failed to state a claim for which general, emotional distress, punitive or exemplary damages may be granted.

20. AS A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff has failed to state a claim for which attorneys' fees and costs may be granted.

21. AS A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claim for punitive damages is barred by the due process clauses of the California and United States Constitutions.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays:

1. That Plaintiff's Complaint be dismissed and judgment be rendered in favor of Defendant;

2. That Plaintiff take nothing by her Complaint;

3. That Defendant be awarded its costs of suit incurred in the defense of this action; and

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO COMPLAINT    15.    Case No. C-07-3146 JL

4. That Defendant be awarded such other and further relief as the Court may deem appropriate.

Dated: July 6, 2007

*(signature)*
LAURA E. HAYWARD
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
APPLERA CORPORATION.

Firmwide:82742326.1 008292.1052

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO COMPLAINT    16.    Case No. C-07-3146 JL