JOHN M. SKONBERG, Bar No. 069409
LAURA E. HAYWARD, Bar No. 204014
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone:   415-433-1940
Facsimile:    415-399-8447

Attorneys for Defendant
APPLERA CORPORATION

ALAN ADELMAN, Bar No. 170860
LAW OFFICES OF ALAN ADELMAN
240 Stockton Street, 9th Floor
Union Square
San Francisco, CA 94108
Telephone:   415-956-1360
Facsimile:    415-625-1339

Attorney for Plaintiff
GRACE D. HOM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GRACE D. HOM,<br><br>　　　　Plaintiff,<br><br>v.<br><br>APPLERA CORPORATION,<br><br>　　　　Defendant. | Case No. C-07-3146 CW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER**<br><br>Date: September 25, 2007<br>Time: 2:00 p.m.<br>Ctrm: 2, 4th Floor |

  Pursuant to this Court's Initial Case Management Scheduling Order, the Court conducted a Case Management Conference on September 25, 2007. All of the parties had an opportunity to be heard as to the matters encompassed by this Case Management Statement and Proposed Order.

---

JOINT CMC STATEMENT AND PROPOSED ORDER         Case No. C-07-3146 CW

1. **JURISDICTION AND SERVICE:**

This Court has jurisdiction over Plaintiff's complaint pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 as this action arises under the laws of the United States, specifically the Family and Medical Leave Act, 29 U.S.C. §2601 *et seq*. The jurisdiction of this Court is also invoked under the provisions of 28 U.S.C. § 1332 and 28 U.S.C. § 1441 and 1446, as the parties are citizens of different States and the amount in controversy exceeds $75,000. The Court has jurisdiction over the supplemental state law claims under 28 U.S.C. §1367(a).

No issues exist with respect to jurisdiction or venue.

Plaintiff is currently unaware of any additional parties that remain to be served.

2. **FACTS:**

**a) Undisputed Facts:**

Plaintiff was employed with Defendant Applera and its predecessors from March 21, 1989 until mid-May 2007. In September 2006 Plaintiff suffered a injury to her back while she was working. As a result of Plaintiff's back injury, Plaintiff missed several days of work in September. Additionally, from approximately November 30, 2006 until December 14, 2006, Plaintiff was placed on a short term disability leave and FMLA leave due to her back injury. In mid-December, 2006, Plaintiff returned to work on a four hour a day schedule. In or about mid-January, 2007, Plaintiff began working on a five hour a day schedule.

On April 16, 2007, Defendant advised Plaintiff that Plaintiff's active employment was over and that as of mid-May, 2007, Plaintiff would be removed from the payroll and Plaintiff's employment would terminate. Defendant advised Plaintiff that the reason for Plaintiff's termination was a "restructuring." After Plaintiff's termination, Defendant hired an external applicant to fill a newly created Property Manager position. Defendant did not discuss with Plaintiff the possibility of Plaintiff assuming the newly created Property Manager position, or any other vacant position.

**b) Disputed Facts:**

- whether Applera's termination of Plaintiff was motivated by her having exercised rights protected under the FEHA;
- whether Plaintiff's exercise of rights protected under the FMLA or CFRA was

a negative factor in Applera's decision to terminate Plaintiff;

- whether Applera interfered with or in any way violated Plaintiff's right to protected leave under the FMLA or CFRA;

- whether Applera's termination of Plaintiff was motivated by Plaintiff's alleged disability, or any request by Plaintiff for accommodation as a result of Plaintiff's alleged disability;

- whether Plaintiff's termination was based on legitimate, nondiscriminatory reasons, or whether Defendant's "restructuring" was a pretext for an unlawful discriminatory basis for Plaintiff's termination;

- whether Plaintiff was qualified to perform the essential functions of any vacant position, including but not limited to the newly created "Property Manager" position, with or without reasonable accommodation, at the time that Applera terminated Plaintiff;[1]

- whether Applera engaged in an adequate "interactive process" with Plaintiff so as to identify any accommodations that may be provided to Plaintiff so that Plaintiff could remain employed with Applera in Plaintiff's position or another vacant position for which Plaintiff was qualified;[2]

- the nature, extent and causation of Plaintiff's damages; and

- whether or not Plaintiff attempted to mitigate Plaintiff's damages.

3. **LEGAL ISSUES:**

- whether Defendant had a duty to engage in the interactive process and/or offer reasonable accommodation to Plaintiff prior to terminating Plaintiff;

- whether Plaintiff was an otherwise qualified individual with a disability under the FEHA;

- whether Applera met its obligation, if any, under the FEHA to provide

---

[1] Defendant contends that unless Plaintiff establishes that her termination was motivated by her alleged disability or need for accommodation, that this fact is not relevant.
[2] Defendant contends that unless Plaintiff establishes that her termination was motivated by her alleged disability or need for accommodation, that this fact is not relevant.

JOINT CMC STATEMENT AND PROPOSED ORDER    3.    Case No. C-07-3146 CW

- Plaintiff with reasonable accommodation;
- whether Applera met its obligation, if any, under the FEHA to engage in an interactive process with Plaintiff;
- whether a motivating factor for Applera terminating Plaintiff was Plaintiff's participation in any activity protected by the FEHA;
- whether Plaintiff's exercise of any rights protected under the FMLA and CFRA was a negative factor in Applera's decision to terminate Plaintiff's employment;
- whether Applera terminated Plaintiff because of her allegedly protected status under the FEHA;
- whether Applera denied or interfered with any leave to which Plaintiff was entitled under the FMLA or the CFRA;
- whether Applera's termination of Plaintiff's employment violated any fundamental public policies of the United States or the State of California;
- the nature, extent and causation of any damages;
- whether or not Plaintiff attempted to mitigate any alleged damages; and
- whether Plaintiff's claims are preempted by the Workers' Compensation Act.

**4. MOTIONS:**

No motions are currently pending in this action. The parties anticipate filing cross-motions for summary judgment and/or summary adjudication later in the case.

**5. AMENDMENT OF PLEADINGS:**

The parties are currently unaware of any need to amend the pleadings.

**6. EVIDENCE PRESERVATION:**

Defendant has sent out a preservation letter to all relevant employees and instructed them to preserve all relevant evidence.

**7. DISCLOSURES:**

The parties will comply with their Initial Disclosure requirements on September 18, 2007.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT CMC STATEMENT AND PROPOSED ORDER     4.     Case No. C-07-3146 CW

8. **DISCOVERY:**

Both Plaintiff and Defendant have propounded first sets of interrogatories and requests for production of documents.

Plaintiff has agreed to Defendant's request that Defendant be entitled to depose Plaintiff first, on a date and time mutually convenient to the parties. At least fourteen (14) calendar days before Plaintiff's deposition, Defendant will respond to Plaintiff's Request for Production of Documents and produce relevant documents, and Defendant will also respond to Plaintiff's first set of interrogatories. Plaintiff will also respond to Defendant's discovery prior to Plaintiff's deposition. The parties have agreed to the following deposition schedule subject to witness availability: Defendant will take Plaintiff's deposition on October 19, 2007. Plaintiff will take the depositions of Nicholas Wong, Stefan Lazar, and Ken Mantoani on October 22, 24, and 25, 2007.

Plaintiff and Defendant intend to propound Special Interrogatories and Requests for Admissions as allowed by the Federal Rules of Civil Procedure.

The parties anticipate that all non-expert discovery will be completed by March 31, 2008.

The parties have agreed to make the required F.R.C.P. 26(a)(1) disclosures.

9. **CLASS ACTIONS:**

This action is not a class action.

10. **RELATED CASES:**

There are no pending related cases.

11. **RELIEF:**

Plaintiff seeks the following relief:

1) Special damages including, but not limited to, lost past and future wages and benefits, and for interest thereon;

2) Past and future mental and emotional distress, and other general damages suffered by Plaintiff;

3) Liquidated damages under the FMLA;

4) Punitive damages;

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT CMC STATEMENT AND PROPOSED ORDER          5.          Case No. C-07-3146 CW

5) Reasonable attorneys' fees and litigation costs;

6) Such other and further relief as this Court considers just and proper.

**12. SETTLEMENT AND ADR:**

The parties have discussed ADR options and have agreed to participate in a settlement conference with a Magistrate Judge after the completion of initial discovery and depositions.

The parties have complied with ADR Local Rule 3-5.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:**

Because both parties did not consent to a magistrate judge for all purposes, this case has been assigned to United States District Judge, Claudia Wilken.

**14. OTHER REFERENCES:**

The parties do not believe that this cause is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. NARROWING OF THE ISSUES:**

The parties do not believe this is feasible at this stage of the proceeding.

**16. EXPEDITED SCHEDULE:**

The parties do not believe that this case is appropriate to be handled on an expedited schedule.

**17. SCHEDULING:**

The parties propose the following dates:

Expert Designation: June 9, 2008

Rebuttal Expert Designation: June 23, 2008

Expert Discovery Cut-Off: July 28, 2008

Discovery Cut-Off (Last day to complete all non-expert discovery): March 31, 2008

Deadline for Hearing of Dispositive Motions: June 30, 2008

Pre-Trial Conference: October 8, 2008

Trial: October 29, 2008

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT CMC STATEMENT AND PROPOSED ORDER    6.    Case No. C-07-3146 CW

18. **TRIAL:**

　　Plaintiff has requested a jury trial. The parties believe this trial will last approximately 10 court days.

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OF PERSONS:**

　　Defendant filed its "Certification of Interested Entities or Persons" as required by Local Rule 3-16. In its Certification, Defendant stated: Applera Corporation consists of two business groups -- the Applied Biosystems group and the Celera group, each of which have separate "tracking" stocks.

20. **OTHER:**

　　The parties do not believe there are any additional matters which need to be addressed at this time.

Dated: September 18, 2007

_____
LAURA E. HAYWARD
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
APPLERA CORPORATION

Dated: _____, 2007

_____
ALAN ADELMAN
LAW OFFICES OF ALAN ADELMAN
Attorney for Plaintiff
GRACE D. HOM

**18. TRIAL:**

Plaintiff has requested a jury trial. The parties believe this trial will last approximately 10 court days.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OF PERSONS:**

Defendant filed its "Certification of Interested Entities or Persons" as required by Local Rule 3-16. In its Certification, Defendant stated: Applera Corporation consists of two business groups -- the Applied Biosystems group and the Celera group, each of which have separate "tracking" stocks.

**20. OTHER:**

The parties do not believe there are any additional matters which need to be addressed at this time.

Dated: _____, 2007

LAURA E. HAYWARD
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
APPLERA CORPORATION

Dated: 9/18, 2007

*Alan Adelman*
ALAN ADELMAN
LAW OFFICES OF ALAN ADELMAN
Attorney for Plaintiff
GRACE D. HOM

JOINT CMC STATEMENT AND PROPOSED ORDER       7.       Case No. C-07-3146 CW

The Court finds that each party was given an opportunity to be heard as to all matters encompassed by this Case Management Statement and Proposed Order filed prior to the conference.

Dated: _____, 2007

_____
UNITED STATES DISTRICT COURT JUDGE
CLAUDIA WILKIN

Firmwide:83088948.1 008292.1052

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT CMC STATEMENT AND PROPOSED ORDER — 8. — Case No. C-07-3146 CW